***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has shown good grounds to reconsider the evidence and the Full Commission hereby REVERSES the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employee-employer relationship existed between Plaintiff and the Defendant Carolina Tree Care, Inc.
3. Plaintiff's average weekly wage is $278.00.
4. Plaintiff alleges that he sustained a compensable injury by accident on or about July 27, 1999, which Defendants deny.
5. The depositions of Ricky Gene Parham, Gail Roberts, and Dr. Richard E. Weiss are a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was twenty-three (23) years old at the time of the deputy commissioner hearing in this matter. Plaintiff completed high school in 1997; however, he did not receive a diploma. Plaintiff took two years of masonry classes while attending high school, but he has not worked in this field. Plaintiff previously worked as a dishwasher and cook at a private boys school for about three years. Plaintiff began working for the defendant as a ground man in June 1999.
2. Plaintiff's work with the defendant involved clearing right of ways for power lines. Plaintiff helped load and unload equipment, used a chain saw to cut brush or trees, fed wood into a chipper, and helped load and unload wood chips into and out of the dump truck.
3. In October 1997, plaintiff experienced pain, parathesia and numbness in his left thigh, radiating into his calf and foot, for which he sought medical treatment at the Urgent Care Center. Plaintiff indicated to Urgent Care Center personnel that he had no known injury, but that his condition was worse with standing or walking. Plaintiff was treated for about a month with medication and the pain resolved.
4. On Tuesday, July 27, 1999, while at a worksite plaintiff climbed inside defendant-employer's dump truck that had been loaded with wood chips and brush to compress the brush and push it further into the front of the truck bed. As plaintiff was climbing over the back of the dump truck, he misstepped with his second step and fell a distance of approximately 5.5 feet landing hard and flat on the heels of his feet. Following his fall, plaintiff suffered immediate back and neck pain. Plaintiff immediately reported his fall to his supervisor, Dewey Wills. Plaintiff continued working with defendant for two days following his injury; however, he has been unable to work since August 2, 1999.
5. Plaintiff's neck condition quickly improved; however, plaintiff's back pain increased and radiated into his left leg over the next several days. On Saturday, July 31, 1999, plaintiff was present at his niece's birthday party which was held at plaintiff's home from approximately 11:00am until 5:00pm. However, plaintiff was physically unable to mingle with the guests due to intense lower back pain and spent almost this entire time period inside sitting in a chair or lying on the couch. Plaintiff did not engage in riding a four-wheeler vehicle anytime on July 31, 1999.
6. On Tuesday, August 3, 1999, plaintiff sought medical treatment at the Sisters of Mercy Urgent Care Center and was later referred to neurosurgeon, Dr. Robert Weiss of Mountain Neurological Center, P.A.
7. On August 19, 1999, plaintiff was examined by Dr. Weiss. Upon reviewing plaintiff's MRI, Dr. Weiss immediately diagnosed plaintiff with a disc herniation on the left side at L4-5 and a central disc herniation at L5-S1 and recommended surgery. On March 17, 2000, Dr. Weiss performed a left side L4-5 microlumbar diskectomy on plaintiff.
8. On July 31, 2000, plaintiff underwent another lumbar MRI. Upon reviewing these test results, Dr. Weiss diagnosed plaintiff with a recurrent herniated disk at L4-5 and again recommended surgery to correct his condition.
9. There are numerous inconsistencies between Ricky Parham's September 30, 1999, recorded statement to the insurance company and his September 18, 2000, deposition testimony; therefore, the Full Commission finds that the testimony of Mr. Parham, the common-law spouse of plaintiff's sister who at the time of his deposition was incarcerated in Tennessee while awaiting disposition of charges related to allegedly beating a nine year old child, is not credible.
10. The testimony of Irda Lorraine Price and Gail Roberts who both said that on Saturday, July 31, 1999, four days after the plaintiff's work-related fall from the truck, plaintiff was lying around the house, with complaints of low back pain and did not go out riding on his four-wheeler vehicle is found to be credible.
11. Plaintiff has proven by the greater weight of the competent evidence that he suffered an injury by accident on July 27, 1999.
12. The competent medical evidence of record indicates that plaintiff has not yet reached the end of the healing period for injuries incurred on the job with defendant-employer on July 27, 1999.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to his neck and back arising out of the course of his employment with defendant on July 27, 1999 when he had slipped and fell while climbing over the back of a dump truck landing flat on his feet which caused an acute and traumatic injury to his back. N.C.G.S. § 97-2(6).
2. As a result of plaintiff's injury by accident, plaintiff is entitled to temporary total disability compensation benefits at the rate of $185.34 per week beginning August 2, 1999 and continuing until further Order of the Commission. N.C.G.S. § 97-29.
3. Plaintiff is entitled to have defendant pay for all medical expenses incurred as a result of his compensable injury by accident on July 27, 1999, for so long as such examinations, evaluations and treatment may reasonably be required to effect a cure, provide relief or lessen the plaintiff's period of disability. N.C.G.S. § 97-25; N.C.G.S. § 97-2(19).
4. As plaintiff has not yet reached the end of the healing period for his injury, this Opinion and Award does not address this issue. However, in the event that the parties should be unable to agree on the amount of compensation for permanent partial impairment for his injuries which may be due, either party may request a hearing from the Commission to resolve this issue.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney's fee hereinafter approved, defendants shall pay to plaintiff temporary total disability compensation based on an average weekly wage of $278.00 beginning August 2, 1999 and continuing until further Order of the Commission. Compensation due which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee hereinafter provided.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident he sustained on July 27, 1999.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel. Twenty-five percent of the compensation due plaintiff that has accrued shall be deducted from that sum and paid directly to plaintiff's counsel and thereafter plaintiff's counsel shall receive every fourth check.
4. Defendants shall pay the costs due this Commission and an expert witness fee of $300.00 to Dr. Richard E. Weiss if they have not already done so.
This the ___ day of April 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER